UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DESMOND DeFREITAS,

               Petitioner,

v.                                             9:19-CV-0323
                                                   (GLS)

SUPERINTENDENT,

               Respondent.
_____

APPEARANCES:                               OF COUNSEL:

DESMOND DeFREITAS
Petitioner, pro se
10-B-0401
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Desmond DeFreitas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as an affidavit, two letters, and several exhibits in support of the petition. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Affidavit; Dkt. No. 1-2–1-5, Exhibits; Dkt. No. 1-6; Dkt. No. 1-7.[1] Petitioner also filed a motion requesting the appointment of counsel.

---

[1] In a letter to the Court, petitioner complains about the quality of inmate legal assistance he was provided, as well as being the object of a correction officer's retaliatory actions. Dkt. No. 6. Complaints about an inmate's conditions of confinement, like the assistance available at the law library and the way the guards treat the inmates, which do not impact the fact or length of confinement, are more appropriately brought pursuant to 42 U.S.C. § 1983. *See Peralta v. Vasquez*, 467 F.3d 98, 104-05 (2d Cir. 2006). To the extent petitioner seeks to challenge his legal assistance or the actions of any corrections officers, he may file a civil rights action pursuant to 42 U.S.C. § 1983, which will be subject to review under the Prisoner Litigation Reform Act (PLRA) of 1996.

Dkt. No. 2, Motion to Appoint Counsel.

On March 15, 2019, the Court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis (IFP) application. Dkt. No. 3. On April 4, 2019, the Court received the statutory filing fee, and the case was reopened. Text Order of April 4, 2019 (identifying receipt number for filing fee), Dkt. No. 4.

Petitioner states repeatedly throughout his petition and letters in support that he is "respectfully request[ing] permission to file a second (2nd) Federal Writ of Habeas Corpus[.]" Pet. at 1; *see id.* at 3; Dkt. No. 1-7. Accordingly, the petition must be transferred to the Second Circuit.

## II.  PREVIOUS HABEAS PETITIONS

Petitioner previously filed one habeas petition in the Northern District. *DeFreitas v. Kirkpatrick*, No. 9:16-CV-0638 (LEK/ATB), 2017 WL 2348776 (N.D.N.Y. May 3, 2017), *adopting report rec.*, 2017 WL 2345663 (N.D.N.Y. May 30, 2017). Petitioner challenged a 2009 judgment of conviction, upon a jury verdict, in Schoharie County for a third degree criminal sexual act, two counts of third degree rape, second degree burglary, and two counts of endangering the welfare of a child. *See id.* at *1. Petitioner argued that he was entitled to relief because

> (1) petitioner was denied his constitutional right to a public trial[;] (2) [t]he trial court improperly denied petitioner's challenges for cause with respect to three jurors[;] (3) [t]he prosecutor engaged in misconduct[;] (4) [t]he trial court improperly restricted petitioner's right to present a defense[; and] (5) [p]etitioner's appellate counsel was ineffective.

*Id.*

The petition was denied and dismissed. *See id.* at *20. The Court held that (1) there was no merit to petitioner's public trial claims as neither an attorney nor any random, unidentified members of the public were excluded from petitioner's trial and the Appellate Division "did not act contrary to well-established Supreme Court precedent in holding that petitioner's Sixth Amendment rights were not violated" (*id.* at *9-11); (2) there was "no constitutional basis" for petitioner's challenge to the trial court's denial of his counsel's "for cause" challenges to three jurors and "the Appellate Division did not act contrary to, or unreasonably apply, clearly established Federal law" in determining that the court did not "allow[] the empanelment of a biased juror[.]" (*id.* at *11-12); (3) the prosecutor's comments during summation were insufficient to establish a constitutional violation and petitioner's *Brady* claims were denied because the material either did not rise to the level of *Brady* material, was received with enough time to effectively use it, or failed to cause petitioner any prejudice (*id.* at *12-17); (4) the trial court's evidentiary ruling pertaining to petitioner's right to present a defense via questioning witnesses complied with applicable New York law and the Appellate Division did not act contrary in denying petitioner's claim (*id.* at *17-19); and (5) petitioner's counsel chose to raise stronger arguments, while omitting weaker ones, and thus his assistance was not ineffective (*id.* at *17-21).

### III.   THE PRESENT PETITION

Petitioner's present petition is slightly difficult to decipher. However, it is clear that petitioner seeks permission to file a second or successive habeas petition. Pet. at 1 ("I, Desmond DeFreitas, submit this application . . . and respectfully request permission to file a second (2nd) Federal Writ of Habeas Corpus[.]"); *id.* at 3 (same); Dkt. No. 7 (same). Further,

petitioner identified his previously filed habeas petition — one decided by Magistrate Judge Andrew T. Baxter — and explained the reason a successive petition is required: due to the incompetent legal assistance he received from his assigned inmate law clerk.  Pet. at 1-2; Dkt. No. 6 at 3 ("I had an *assigned* inmate law clerk who done the Habeas Corpus for me, but he did the wrong thing by copying my Appellate brief.").

Liberally construing petitioner's submission, he appears to argue he is entitled to relief because (1) his counsel was ineffective for (a) interviewing an expert but never actually having the expert testify during trial (Pet. at 5-8), (b) failing to present an allegedly exculpatory laboratory report (*id.* at 7) and (c) not calling several alibi witnesses to testify during trial (*id.* at 8); (2) there was prosecutorial misconduct when the prosecutor "misled the jury by deliberately mischaracterizing and presenting information [the prosecutor] knew w[as] false" during summations (*id.* at 8-9); (3) the transcript was inaccurate and did not fully or correctly reflect what happened during jury selection and the subsequent trial (*id.* at 10-13, 14-15) and (4) there was a *Brady* violation (*id.* at 14).  For a more complete statement of petitioner's claims, reference is made to the petition and attachments.

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition."  *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord Adams v. Corcoran*, 416

F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. *See* 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, petitioner admits that his current petition is second or successive and that he is seeking permission to file said second or successive petition. Pet. at 1, 3; Dkt. No. 1-7. While petitioner did not identify his underlying criminal conviction in the present petition, he did acknowledge a previously filed habeas petition in this Court, pertaining to the same criminal conviction he presently challenges, decided by Judge Baxter. Pet. at 1-2. The Court found one prior habeas petition filed in this district by petitioner, which was also assigned to and decided by Judge Bacter. *See DeFreitas v. Kirkpatrick*, No. 9:16-cv-638, Dkt. No. 1.

5

Accordingly, petitioner is again challenging the same judgment of conviction that he challenged before in his prior habeas petitions filed in this Court. These claims have been dismissed on the merits. Moreover, there is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his present petition. In fact, it appears petitioner did raise some of these exact same claims in his prior habeas petition.

Because district courts have no jurisdiction to decide second or successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *See Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court.

## V.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that petitioner's motion to appoint counsel (Dkt. No. 2) is **DENIED** without prejudice given the Court's lack of jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

April 11, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge